IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James W. Blume, | ) | C/A No.: 3:05-1846-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, James W. Blume, brought this action pursuant to 42 U.S.C. §§ 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th

1

Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for DIB in April of 2001, alleging disability since July of 1999 due to back, joint, and lung disorders. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on April 16, 2003. The ALJ thereafter denied plaintiff's claims in a decision issued February 24, 2005. The Appeals Council denied the plaintiff's request for review and the ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to the federal district court.

The claimant is a 56-year-old male who has a sixth grade education. His past work experience includes employment as a fireman and stage rigger. He alleges that he became disabled in July of 1999. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits.

Under the Social Security Act, the plaintiff's eligibility for the benefits he is seeking hinges on whether he "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.\* (4th

Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

The ALJ made the following findings in this case:

3

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's degenerative disc disease, asthma, hypertension, and diabetes mellitus are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant retains a residual functional capacity to perform a significant range of light work activity, as described above.

7. The claimant is unable to perform any of his past relevant work (20 CFR § 404.1565).

8. The claimant is an "individual of advanced age" (20 CFR § 404.1563).

9. The claimant has a "marginal education" (20 CFR § 404.1564).

10. The claimant has transferable skills as identified by an impartial vocational expert and identified in the body of this decision (20 CFR § 404.1568).

11. The claimant has the residual functional capacity to perform a significant range of light work (20 CFR § 404.1567).

12. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.03 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as a machine tender and a

production inspector.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(g)).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On February 26, 2007, Magistrate Joseph R. McCrorey filed a report and recommendation ("R&R") suggesting that the action should be remanded to the Commissioner to fully consider all of the evidence, properly evaluate the opinion of Plaintiff's treating physician, properly evaluate Plaintiff's credibility, and evaluate whether Plaintiff met or equaled the Listing at § 9.08A. The defendant timely filed objections to the R&R on March 15, 2007.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objections is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**Treating Physician Rule**

In his objections to the R&R, the commissioner claims the magistrate judge erred in recommending that the case be remanded for further findings as to the opinion of the treating physician. The defendant argues that the opinion of the treating physician, Dr. Currie, was not supported by his

5

own objective medical findings of full joint ranges of motion, with the exception of limited lumbosacral spine ranges of motion; normal neurological functioning; absence of motor loss; normal deep tendon reflexes; and the absence of rales, rhonchi, or wheezes.

The Magistrate Judge recommended a remand to the ALJ to properly evaluate the evidence and explained: "In particular, the ALJ failed to properly consider all of the treatment records from Plaintiff's treating physician, Dr. Curry. . . An ALJ . . . must explain his reasons for disregarding a positive opinion of a treating physician that a claimant is disabled. . . In discounting Dr. Currie's opinion of disability, the ALJ failed to take into account this treating physician's entire opinion." (Report, pages 8-9).

Prior Fourth Circuit precedent had established the weight which an ALJ must accord to an opinion of a treating physician. Under the "treating physician rule," the opinion of a claimant's treating physician must "be given great weight and may be disregarded only if there is persuasive contrary evidence." *Coffman*, 829 F.2d at 517; *see also Wilkins v. Secretary, Dep't of Health and Human Serv.*, 953 F.2d 93, 96 (4th Cir. 1991); *Foster v. Heckler*, 780 F.2d 1125, 1130 (4th Cir. 1986). On August 1, 1991, the Social Security Administration promulgated a regulation entitled "Evaluating medical opinions about your impairment(s) or disability." 20 C.F.R. § 404.1527. This regulation supersedes the Fourth Circuit's "treating physician rule." *See Shrewsbury v. Chater*, 1995 WL 592236 at *9 n.5 (4th Cir. 1995) (unpublished) ("As regulations supersede contrary precedent, the cases cited by Shrewsbury defining the scope of the 'treating physician rule' decided prior to 20 C.F.R. § 416 and related regulations are not controlling.") (citation omitted).

The legal standard which applies is contained in 20 C.F.R. § 404.1527. Under section 404.1527, the opinion of a treating physician is entitled to more weight than the opinion of a non-treating

6

physician. It is only given controlling weight, however, if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). This standard, of course, is more stringent than the old "treating physician rule," which accorded a treating physician's opinion controlling weight unless the record contained persuasive evidence to the contrary. *See Coffman*, 829 F.2d at 517.

Under section 404.1527, if an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying five factors identified in the regulation: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 30 C.F.R. § 404.1527(d)(2)(i-ii) and (d)(3)-(5).

In this case, plaintiff argues that the treating physician rule should be applied to the opinion of Dr. Currie, plaintiff's only longstanding treating physician who treated him for over five years. Dr. Currie gave his medical opinion in a April 2, 2003 letter that he did not believe that the patient can be "gainfully employed." (R. p. 234). He stated that the combination of the plaintiff's chronic back and hip pain, diabetic peripheral neuropathy, and asthma prevented him from working. However, the ALJ found that this opinion of disability was not supported by the "objective medical findings of record." (R. p. 20). Nevertheless, the ALJ states that "the medical records of Dr. Currie are extremely difficult to read due to illegible handwriting." (R. p. 16).

As the magistrate judge has already adequately addressed this objection in his report and recommendation and no new issue is raised by defendant in his objection, the Court adopts that portion

of the Report and Recommendation without further discussion.

**Credibility of Claimant**

The defendant also objects to the recommendation that the case should be remanded for further findings regarding the plaintiff's credibility. Defendant contends that this recommendation is not warranted in light of the objective medical evidence. This Court disagrees and finds that the case should be remanded for further findings regarding credibility and complaints of pain, considering all of the evidence. *See Craig v. Chater*, 76 F.3d 585, 591-92 (4th Cir. 1996).

**Listing at 9.08A**

The Commissioner does not allege any specific objection as to the recommendation of a remand for further findings as to whether the plaintiff's diabetes meets the criteria contained in Listing 9.08A (diabetes mellitus with neuropathy). He merely asserts in a conclusory fashion that the record contains substantial evidence to support the Commissioner's decision that the plaintiff did not meet the disability requirements of the Act. Therefore, this Court adopts the recommendation of the Magistrate Judge on this point.

**Conclusion**

On the record before it, this court must overrule all objections and agree with the Magistrate Judge's recommended disposition of this case.

For the foregoing reasons, all objections are overruled; the report and recommendation of the magistrate judge is incorporated herein by reference. The action is remanded to the Commissioner to fully consider all of the evidence, properly evaluate the opinion of Dr. Currie, properly evaluate the plaintiff's credibility, and evaluate whether the plaintiff met or equaled the Listing at § 9.08A.

The Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and

the case is remanded to the Commissioner for further administrative action.

    **IT IS SO ORDERED**.

s/R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

March 27, 2007<br>
Florence, South Carolina