IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

James W. Blume,                          )        Civil Action No. 3:05-cv-01846-RBH
                                         )
                     Plaintiff,          )
                                         )
v.                                       )              **O R D E R**
                                         )
Joanne B. Barnhart, Commissioner         )
of Social Security,[1]                    )
                                         )
                     Defendant.          )
_____)

On May 1, 2007, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to

Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the defendant in this

action was not substantially justified. Defendant filed a response on May 22, 2007, indicating that she

opposes the plaintiff's request for fees on the basis that the defendant's position was substantially

justified in the case. Plaintiff filed a Reply on June 4, 2007.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions

against the United States unless it finds that the government's position was substantially justified or that

special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The government bears the

burden of showing substantial justification. Thompson v. Sullivan, 980 F.2d 280 (4th Cir. 1992). The

district courts have discretion to determine a reasonable fee award and whether that award should be

made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936

F.2d 176, 177 (4th Cir. 1991).

The standard to be applied in determining whether the Commissioner was "substantially

justified" for purposes of determining whether award of attorney's fees under the EAJA is warranted,

---

[1] The Commissioner of Social Security is now Michael J. Astrue.

is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984).

> The government's position must be substantially justified in both fact and law. . . In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts. After prevailing in the underlying suit, a petitioner may rely on either a prelitigation position or a position taken during litigation as a predicate for fees. However, where the government's unjustified prelitigation position forces the petitioner to institute the suit, the government is liable for fees for the whole suit, notwithstanding that it asserts justifiable positions in the various subsidiary disputes that may arise during litigation.

Thompson v. Sullivan, 980 F.2d at 281-282.

While the remand of an agency decision for further proceedings does not always mean that the agency's actions were not substantially justified, this court believes on the record before it that the defendant's actions were not substantially justified and that an award of attorney's fees is appropriate. This Court adopted the Report of the Magistrate Judge and remanded the case for further administrative proceedings. The ALJ was directed to properly evaluate the opinion of Dr. Currie, properly evaluate the plaintiff's credibility, and evaluate whether the claimant met or equaled the Listing at Section 9.08A. "Where the government's position was a result of its failure to perform a certain analysis required by the law and its regulations, the government's position was not substantially justified." Adams v. Barnhart, 445 F.Supp.2d 593, 595 (D.S.C. 2006). On the basis of the above, the Court finds the position of the government was not substantially justified.

Based on the foregoing and after consideration of the briefs and affidavits submitted, the court overrules the defendant's response to the plaintiff's motion for attorney's fees. The court so Orders the defendant to pay plaintiff the sum of $4520.93 in attorney's fees representing 28.3 hours of attorney time at a rate of $159.75 per hour.

2

**IT IS SO ORDERED**.

    s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

May 20, 2008
Florence, South Carolina